

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:09CR133

RODNEY LORENZO WYATT, JR.

### MEMORANDUM OPINION

Rodney Lorenzo Wyatt, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 37.) The Government has moved to dismiss, inter alia, on the ground that the statute of limitations bars the § 2255 Motion. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Wyatt pled guilty to conspiracy to distribute fifty grams or more of a substance containing a detectable amount of cocaine base and 500 grams of more of cocaine hydrochloride. (Plea Agreement 1, ECF No. 14.) On September 14, 2009, the Court entered judgment against Wyatt and sentenced him to 262 months of imprisonment. (J. 2, ECF No. 21.) Wyatt did not appeal.

On May 29, 2012, Wyatt executed and presumably placed his § 2255 Motion in prison mail system for transmission to this

Court. The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Wyatt asserts entitlement to relief upon the following grounds:

Claims One and Two  The Court incorrectly sentenced Wyatt as a career offender.

Claim Three  Wyatt failed to receive the effective assistance of counsel because:
(a) "Counsel never briefed Petitioner on the validity of the arrest and indictment, evidentiary hearing, enhancements of sentence, [and his] designation as a 'career offender[.]'" (§ 2255 Mot. 8.)
(b) Counsel "would not communicate with Petitioner's wife concerning the case so she could assist Petitioner." (Id.)
(c) Counsel "did no request any medical or psychological testing for Petitioner, did not refute erroneous guidelines during sentencing phase of trial, nor did he appraise Petitioner of his right to appeal . . . ." (Id.)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

   **(1)** the date on which the judgment of conviction becomes final;

> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. The Statute Of Limitations Bars Wyatt's § 2255 Motion

Because Wyatt did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, September 28, 2009, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Wyatt had until Tuesday, September 28, 2009 to file any motion under 28 U.S.C. § 2255. Because Wyatt did

not file his § 2255 Motion until more than two years after that date, the statute of limitations bars the § 2255 Motion unless Wyatt demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or equitable tolling.

Wyatt contends that this Court should equitably toll the limitation period because he was incorrectly sentenced as a career offender.[1] (§ 2255 Mot. 13 (citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); Bryant v. United States, Nos. 2:03-CR-1-BO-1, 2:11-CV-72-BO, 2012 WL 1119756, at *2 (E.D.N.C. Apr. 3, 2012). In Simmons, the United States Court of Appeals for the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis omitted) (citing Simmons, 649 F.3d at 241). In the Bryant, the Honorable Terrence Boyle, United States District Judge concluded that Simmons "provides the necessary

---

[1] Neither Wyatt nor the record suggests any circumstance warranting a belated commencement of the limitation period.

4

'extraordinary circumstance' required to justify equitable tolling." Bryant, 2012 WL 1119756, at *3.

Nevertheless, Judge Boyle subsequently concluded he lacked jurisdiction to issue the above decision because he made such a decision with respect to a successive, unauthorized § 2255 motion. See Bryant v. United States, Nos. 2:03-CR-1-BO-1, 2:11-CV-72-BO, 2012 WL 2236984, at *1-2 (E.D.N.C. June 15, 2012) (vacating prior decision). Moreover, the Fourth Circuit, sitting en banc, flatly rejected the notion that the decision in Simmons provides a basis for equitably tolling the statute of limitations. United States v. Whiteside, 775 F.3d 180, 184-87 (4th Cir. 2014). Thus, Wyatt fails to demonstrate entitlement to equitable tolling of the limitation period based on Simmons.

Additionally, Wyatt contends that, in light of the change in the law announced in Simmons, "he is 'actual[ly] innocent' of being a 'career offender.'" (Reply 10, ECF No. 47.) The Supreme Court has recognized that a convincing claim of actual innocence of the crime of conviction may allow a court to consider an otherwise time-barred claim. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933-34 (2013) (explaining that actual innocence provides an equitable exception to the statute of limitations). The Fourth Circuit, however, has concluded that "McQuiggin does not apply to habeas claims based on actual

5

innocence of a sentence." United States v. Jones, 758 F.3d 579, 587 (4th Cir. 2014), cert. denied, No. 14-7982, 2015 WL 732223, at *1 (U.S. Feb. 23, 2015). Wyatt has failed to demonstrate any basis for his excusing his failure to comply with the statute of limitations.[2] Accordingly, the statute of limitations bars Wyatt's § 2255 Motion.

### III. CONCLUSION

For the foregoing reasons, Wyatt's § 2255 Motion (ECF No. 39) will be denied. Wyatt's Motion for Summary Judgment (ECF No. 50) will be denied. Wyatt's Motion to Proceed In Forma Pauperis (ECF No. 48) will be denied as moot. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Wyatt and counsel for the Government.

And it is so Ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 8, 2015
Richmond, Virginia

---

[2] In a supplement to his § 2255 Motion (ECF No. 49), Wyatt also suggests that his sentence is invalid in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). Nevertheless, Wyatt fails to articulate how the decision Alleyne would allow him toavoid the statute of limitations.

6