IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal Action No. 3:09CR133
    Civil Action No. **3:18-cv-00144-REP**

RODNEY LORENZO WYATT, JR.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on May 8, 2015, the Court denied a 28 U.S.C. § 2255 motion filed by Rodney Lorenzo Wyatt, Jr. (ECF Nos. 52, 53.) On February 13, 2016, the Court received from Wyatt a document titled, "MOTION AND MEMORANDUM FOR RLEIEF OF JUDGMENT OR ORDER (PURSUANT TO FED. CIV.P. § 60(b)(6) and (d)(1)." ("Rule 60(b) Motion," ECF No. 75.) As explained below, the Rule 60(b) Motion, must be treated as a successive, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Wyatt's Rule 60(b) Motion continues to attack his sentence and falls squarely within the ambit of 28 U.S.C. § 2255(a). Accordingly, the Rule 60(b) Motion will be treated as a successive, unauthorized 28 U.S.C. § 2255 Motion. The Clerk

will be directed to assign a civil action number to the Rule 60(b) Motion. The Rule 60(b) Motion will be dismissed for want of jurisdiction. The Court denies a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 7, 2018

3