IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:09cr133

RODNEY LORENZO WYATT, JR.

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's *pro se* MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES STATUTE PERTAINING TO THE 18 TO 1 CRACK COCAINE LAW WHICH HAS BEEN CHANGED ACCORDING TO THE 115th CONGRESS OF THE UNITED STATES S. 756, § 404 APPLICATION OF THE FAIR SENTENCING ACT and TITLE 18 U.S.C. § 3582(C)(1)(b) (ECF No. 87), the defendant's *pro se* SUPPLEMENT thereto (ECF No. 86), the DEFENDANT'S SUPPLEMENTAL MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 94), the response (ECF No. 96), and the reply (ECF No. 98). Having considered the forgoing, along with the Presentence Report and the record in the case, the MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES STATUTE PERTAINING TO THE 18 TO 1 CRACK COCAINE LAW WHICH HAS BEEN CHANGED ACCORDING TO THE 115th CONGRESS OF THE UNITED STATES S. 756, § 404 APPLICATION OF THE FAIR SENTENCING ACT and TITLE 18 U.S.C. § 3582(C)(1)(b) (ECF No. 87), the defendant's

*pro se* SUPPLEMENT thereto (ECF No. 86), and the DEFENDANT'S SUPPLEMENTAL MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 94) will be denied.

**BACKGROUND**

Rodney Lorenzo Wyatt, Jr. pled guilty to conspiracy to distribute, and possession with intent to distribute, fifty (50) grams or more of cocaine base and 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846. The record shows that, between October 1, 2008 and continuing through April 1, 2009, the defendant distributed significant amounts of crack cocaine and powder cocaine to drug dealers. Indeed, he acknowledged that, during the time at issue, he purchased for distribution one ounce of cocaine hydrochloride at least ten times; 62 grams of cocaine hydrochloride at least six times; and 125 grams of cocaine hydrochloride at least five times for a total of 1,277 grams of cocaine hydrochloride, much of which was cooked into crack cocaine. Wyatt also acknowledges that, during the conspiracy, he purchased for redistribution one ounce of crack cocaine at least ten times, 62 grams of crack cocaine at least three times, and 125 grams of crack cocaine at least three times for a total of 841 grams of crack cocaine. On September 11, 2009, the defendant was sentenced to 262 months confinement based upon the career offender provision that resulted from two convictions of drug trafficking offenses.

2

## DISCUSSION

The threshold issue in this case is whether Wyatt is eligible for release under Section 404 of the First Step Act. And, while the quantity of controlled substances attributable to the defendant does not determine his eligibility for consideration of a sentence modification under the First Step Act, the quantity is highly relevant in assessing whether to grant the requested modification.

The United States contends that, because of the amount of controlled substances admittedly possessed with intent to distribute and distributed by Wyatt, he is not eligible for modification of sentence under the First Step Act. Wyatt argues that eligibility for modification of sentence under the First Step Act is determined by the amount of controlled substances alleged in the indictment. Neither position is correct.

As explained in United States v. Mabry, 2019 U.S. Dist. LEXIS 192435, October 31, 2019, eligibility for modification of sentence under Section 404 of the First Step Act does not depend on the quantity of controlled substance. See also United States v. Hardnett, ____ F. Supp.3d ____, No. 3:03cr12, 2019 WL 5445888 at *1 (E.D. Va. Oct. 24, 2019). For the reasons set forth in Mabry, the Court concludes that Wyatt is eligible for modification of sentence under the First Step Act. That is because, before August

3

3, 2010, Wyatt violated a federal criminal statute, the statutory penalties for which were modified by Section 203 of the Fair Sentencing Act of 2010. The United States' arguments to the contrary are rejected for the reasons set forth in Mabry and Hardnett. However, whether to modify the sentence is quite another matter.

To begin, the conspiracy of which Wyatt was a part was a significant one and, during the year that he was a member of it, Wyatt distributed significant quantities of crack cocaine and powder cocaine to distributors who then distributed those controlled, and dangerous, substances within the Richmond area. Further, it appears from the record that Wyatt had been involved extensively in drug dealing for a considerable period of time before he engaged in the crimes of which he was convicted in this case. Those earlier convictions are outlined in paragraphs 35 and 37 of the Presentence Report. Further, the record shows that the offense of conviction occurred after Wyatt had been extended leniency in previous drug distribution convictions. His conviction record also includes a particularly egregious act of violence described in paragraph 32 of the Presentence Report.

The record also reflects that, while in prison, Wyatt participated in a goodly number of educational programs and completed his GED. He has filed a re-entry plan and various certificates attesting to the vocational programs in which he has

4

participated successfully while in prison. All of that training (vocational and educational) is indeed a laudable use of his time while in prison, and it reflects a significant effort toward rehabilitation. Additionally, to Wyatt's credit he has received support in the form of letters from individuals who work in the prison system. Those laudable activities do not, however, offset the fact that Wyatt is a rightfully adjudged career offender within the meaning of the law and that his offense conduct in this case is especially egregious. Nor does it offset the fact that he has not learned from previous extensions of leniency for very serious criminal conduct.

On balance, the record calls for the exercise of discretion in denying the request for modification. The defendant's continued incarceration is necessary to achieve the ends of 18 U.S.C. § 3553(a), especially protection of the public and promotion of respect for the law. So too is the imposed five year term of supervised release.

## CONCLUSION

For the reasons set forth above, the defendant's *pro se* MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON AN INTERVENING POST-SENTENCE CHANGE IN THE UNITED STATES STATUTE PERTAINING TO THE 18 TO 1 CRACK COCAINE LAW WHICH HAS BEEN CHANGED ACCORDING TO THE 115th CONGRESS OF THE UNITED STATES S. 756, § 404 APPLICATION OF THE FAIR SENTENCING ACT and TITLE 18 U.S.C. § 3582(C)(1)(b)

5

(ECF No. 87), the defendant's *pro se* SUPPLEMENT thereto (ECF No. 86), and the DEFENDANT'S SUPPLEMENTAL MOTION FOR RELIEF PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No. 94) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
United States District Judge

Richmond, Virginia
Date: November 18, 2019