IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Docket No. 3:09cr133 |
| ) | The Hon. Robert E. Payne |
| ) | |
| RODNEY LORENZO WYATT, JR., ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM IN SUPPORT OF MOTION
TO SEAL EXHIBIT TO REPLY TO RESPONSE TO MOTION FOR
COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**

Rodney Wyatt, through counsel and for the following reasons, requests that this Court seal Exhibit A to his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

"In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. This right to access to court records is not absolute, however." *In re The Knight Publishing Company v. Observer*, 743 F.2d 231, 234 (1984). A court "has supervisory power over its own records, and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Id*. at 235. When asked to seal court documents, the court must follow specific procedures. According to Fourth Circuit case law, before a court may seal any court documents the court must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal and for rejecting the alternatives. *Ashcroft v. Conoco*, 218 F.3d 288, 302 (4th Cir. 2000).

The exhibit at issue in this motion confidential medical records otherwise protected by federal law. The records contains detailed and personal information of a sensitive nature. Placing this exhibit under seal will protect Mr. Wyatt's privacy and medical information as protected by the Health Insurance Privacy and Portability Act.

The interested parties to this case are the United States government and Mr. Wyatt. Because of the sensitive nature of the records, the records should be sealed. In addition, there are no less drastic alternatives available to the Court because of the sensitive and detailed nature of the information contained in the records. The availability of this information to the general public has no useful purpose and is irrelevant to anyone other than the interested parties. Moreover, access to this information by the general public will violate Mr. Wyatt's privacy rights under federal law. Finally, the information discussed in the records is the same type of confidential and personal material found in presentence reports, which are also filed under seal.

For the foregoing reasons, Mr. Wyatt requests that this Court grant his motion to seal Exhibit A to his Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

                                Respectfully Submitted,
                                RODNEY LORENZO WYATT, JR.

By: _____/s/_____
     Laura J. Koenig
     VA Bar # 86840
     Assistant Federal Public Defender
     Office of the Federal Public Defender
     701 E. Broad Street, Suite 3600
     Richmond, VA 23219
     (804) 565-0881
     (804) 648-5033 (fax)
     laura_koenig@fd.org